FILED

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THURSTON B. McAFEE, | No. 11-17085 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-02497-EMC |
| v. | |
| J. RIVERO; B. HILL, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Thurston B. McAfee, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to safety and due process violations.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1180 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on McAfee's Eighth Amendment claim because McAfee failed to raise a genuine dispute of material fact as to whether defendant Hill acted with deliberate indifference to McAfee's safety before the riot erupted in the dining hall, or as to whether Hill acted "maliciously and sadistically for the very purpose of causing harm" after he recognized that tensions were building and called for reinforcements. *Johnson v. Lewis*, 217 F.3d 726, 733-34 (9th Cir. 2000) (the state-of-mind requirement for an Eighth Amendment claim "varies with the circumstances of the claim"); *see also Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991) (inmate must establish that prison officials "possessed a sufficiently culpable state of mind" to implicate the Eighth Amendment).

The district court properly granted summary judgment on McAfee's claim that his due process rights were violated in a prison disciplinary hearing because, even assuming that there was a protected liberty interest at stake, McAfee failed to raise a genuine dispute of material fact as to whether prison officials afforded him all of the process that he was due. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (some evidence must support decision that results in revocation of good

time credits); *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements in prison disciplinary proceedings that implicate a liberty interest). McAfee's challenge to Rivero's decision not to call a witness is unavailing, where Rivero determined that the witness would be irrelevant. *See Wolff*, 418 U.S. at 566 (the right to call witnesses is not unqualified, and prison authorities have discretion not to call witnesses, "whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases").

**AFFIRMED**.